Heffelfinger et al. *v.* Schell (et al., Appellant)

Argued October 1, 1941. Before SCHAFFER, C. J.; MAXEY, DREW, LINN, PATTERSON and PARKER, JJ.

*John H. Moody,* with him *Bailey & Rupp,* for appellant.

*Thos. D. Caldwell,* of *Caldwell, Fox & Stoner,* for appellees.

OPINION BY MR. CHIEF JUSTICE SCHAFFER, November 24, 1941:

Benjamin Heffelfinger, Jr., a minor, and his father recovered damages aggregating $7,029.70 in an action of

trespass for personal injuries to the minor, caused by his being struck by the automobile of Morris Schell, the defendant. After the entry of judgment an attachment execution was issued by plaintiffs in which Farm Bureau Mutual Automobile Insurance Company of Columbus, Ohio, was summoned as garnishee. It had issued an accident liability policy to Schell in the sum of $5,000, and had carried on his defense at the trial. In answer to interrogatories, it admitted the issuance of the policy and that it had carried on the defense, but set up that it had entered into a reservation of rights agreement with Schell, whereby any part it took in the defense of the action in no way waived its right to defend against any claim of liability on the policy, on the ground that the injury caused to the minor plaintiff was not due to an accident. On the trial it was contended by the garnishee that the testimony established that Schell had purposely and intentionally run the minor plaintiff down. The court gave binding instructions for plaintiffs and from this action the garnishee appeals.

It is not necessary to recite the facts connected with the boy's injuries. We agree with the trial judge, his action in directing a verdict against the garnishee for the amount of its policy with interest was proper, but we are not prepared to say that under the reservation of rights agreement, the insurance company, because it appeared and defended the action against Schell, is estopped from questioning the claim now made against it.* We are not required to meet that question, because, in our opinion, after a careful reading of the record, the court was correct in the second position it took, holding that there was not sufficient evidence produced by the garnishee to establish, and to permit the jury to find, that Schell intentionally inflicted the injuries on the minor plaintiff.

The judgment is affirmed.

---

* See *Laroche v. Farm Bureau Mutual Automobile Insurance Co.*, 335 Pa. 478, 7 A. 2d 361.